IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES BEAN, No. B-82034,           )
                                   )
         Petitioner,               )
                                   )
vs.                                )     CIVIL NO. 11-cv-715-DRH
                                   )
DAVE REDNOUR,                      )
                                   )
         Respondent.               )

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner's habeas corpus action under 28 U.S.C. § 2254. The petition was timely filed on August 18, 2011, and challenges petitioner's September 28, 2000, conviction on two counts of first degree murder for which he is serving a life sentence.

On May 31, 2012 (Doc. 10), this Court ordered petitioner to file documents regarding the status of the pending appeal of his dismissed successive post-conviction petition, in which he raised a claim of "newly discovered evidence" (Doc. 1, p. 5). The deadline for petitioner to file the documents was extended until August 18, 2012 (Doc. 12). That date has now passed, and petitioner has failed to submit any of the requested material. Based on the petition, and lacking further information, the Court must conclude that the "newly discovered evidence" claim has not been fully exhausted through the Illinois state courts.

Accordingly, petitioner's "newly discovered evidence" claim is **DISMISSED**

**WITHOUT PREJUDICE** based on the failure to exhaust. *See* 28 U.S.C. § 2254(b)(1)(A); § 2254(c).

However, the petition indicates that the other three grounds have been fully exhausted.

**IT IS THEREFORE ORDERED** that respondent shall answer the petition or otherwise plead as to the following grounds raised in the petition: 1) petitioner's conviction was tainted by prosecutorial misconduct, where the prosecutor vouched for the credibility of a witness in open court; 2) trial counsel was ineffective for failing to present all mitigating evidence, failing to present alibi witnesses, and failing to investigate and prepare the case; and 3) trial counsel was ineffective for failing to challenge the charging indictment (*see* Doc. 1, pp. 6-10). The response shall be filed within thirty days of the date this order is entered (on or before September 24, 2012). This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C.

§ 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 21, 2012**

Digitally signed by
David R. Herndon
Date: 2012.08.21
15:26:50 -05'00'

**Chief Judge**
**United States District Court**